ELIZABETH FUHRING *v.* LOUISVILLE WATER COMPANY.

Mandamus.

> A water company holding a franchise to furnish the city of Louisville and its inhabitants water and furnish an adequate supply of water for sprinkling the streets of said city may be mandated to do so, but this can only be done by a plaintiff showing himself entitled to have such water; and a plaintiff cannot maintain an action to force the company to furnish water for sprinkling a street when she does not aver that she resides on, does business or owns property on the street for sprinkling which she requires water.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

January 21, 1879.

OPINION BY JUDGE COFER:

Without intimating an opinion as to their correctness, we assume, for the purposes of this case, that the following propositions are

correct: 1. That mandamus will lie at the suit of any one legally interested therein to compel a corporation, such as the Louisville Water Company, to discharge any duty imposed on it by law whenever there is no other clear and adequate remedy by which the performance of such duty can be enforced. 2. That said corporation is bound to furnish an adequate supply of water for sprinkling the streets of Louisville.

The corporation was created to furnish the city and its inhabitants with water. With its obligations to the city we have no concern in this case. The obligation to furnish water to the inhabitants, whatever else it may import, does not bind the company to furnish water to the inhabitants, except to each for his own use.

There is a clause in the charter giving to the company the exclusive right to furnish water to the inhabitants of the city if the authorities thereof shall agree thereto. But it does not appear whether the city was so agreed or not; nor is that important, as we are proceeding on the assumption that the company is not only bound to furnish individuals with the water necessary for the use of each, but is also bound to furnish water to sprinkle the streets.

But upon what ground can the appellant claim that water for that purpose shall be furnished to her? She does not allege that she resides, does business or owns property on any of the streets for sprinkling which she requires water, and she does not therefore seem to have any immediate interest in having them sprinkled. She shows no right that might not be shown by any other inhabitant of Louisville. Suppose that one or more persons besides herself had applied as she has done, and as they had a right to do, who shall decide which of them shall be supplied. The company is certainly not bound to furnish all applicants who may come; and as the duty of furnishing the supply rests on the company, and no tribunal has been designated to decide between several applicants, the company must necessarily decide the question. And as it has the power to decide, the court has no authority to control the exercise of that right by mandamus.

It is not pretended that the company has or will refuse to furnish water to any one to be used to sprinkle these or any other streets in the city. On the contrary, the gist of the appellant's complaint seems to be that the company is about to furnish water to another · for the very purpose for which she seeks to compel it to furnish water to her. Upon what ground does her superior right rest?

She alleges that, "having made contracts with a number of the

property owners and residents" on the streets named, she desires the water to enable her to comply with these contracts. Waiving the criticism that this is a mere recital rather than an allegation of the fact, the petition is still open to the objection that she does not claim to have made such contracts with all the occupants of these streets, or even with a majority of them.

For aught that appears some other person or persons may have similar contracts, with an equal or greater number of persons on the same streets. If this be the case and appellant is entitled to a mandamus, the others would have the same right, and thus several might be at the same time receiving water under compulsory process for sprinkling the same street. That this might lead to confusion and waste is obvious.

Moreover, as already intimated, the appellant has no interest that the streets shall be sprinkled at all. Her only interest is that she may make gain by speculating in the water, buying it from the company and putting it on the streets, thus making profit.

If the company was refusing to furnish water to any one to be used in sprinkling, or would only furnish it to persons who would charge an exorbitant rate, there might be ground for complaint, but such complaint could only be made by the occupants of the streets or owners of property thereon. They and they alone would be injured.

That she has carts that are not suited to any other use cannot affect the question. It was her folly to procure them for such a purpose without first knowing that she was entitled to demand a supply of water, and cannot give her any better right than she would have if she did not have them.

The judgment of the court of common pleas was right and is affirmed.

Elliott & Atchison, Russell & Helm, for appellant.

Barrett & Powers, for appellee.